UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RONALD BROW,

                    Petitioner,

    -against-

GOVERNMENT OF THE U.S. VIRGIN ISLANDS,

                  Respondent.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-4314 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is a motion filed by Respondent Government of the U.S. Virgin Islands ("Virgin Islands") to dismiss a Petitioner for Writ of Mandamus. Because the court lacks subject matter jurisdiction over the Petition, the motion is GRANTED and the petition is DISMISSED without prejudice.

**I.    BACKGROUND**

On April 1, 1986, Petitioner Ronald Brow, an employee of the Virgin Islands Police Department, was suspended from his job without pay by the Police Commissioner. (Pet. (Dkt. 1) at 15.) On July 8, 1986, the Government Employees Service Commission of the Virgin Islands upheld his suspension. (Id.) Petitioner then filed a writ of review in the Territorial Court of the Virgin Islands[1] to challenge this decision. (Id.) See 5 V.I. Code § 1421 ("Any party to any proceeding before or by any . . . commission . . . may have the decision or determination thereof reviewed for errors . . . ."). On December 22, 1989, the Territorial Court granted this writ and ordered that Brow be reinstated with backpay retroactive to the date of his suspension, April 1,

---

[1] Effective January 1, 2005, the Virgin Islands Legislature statutorily renamed the Territorial Court the Superior Court. See Simon v. Gov't of the V.I., 679 F.3d 109, 113 n.1 (3d Cir. 2012). For consistency, the court refers to this court as the Territorial Court throughout this Memorandum and Order.

1

1986 ("Dec. 22 Order"). (Pet. at 15.) The Virgin Islands filed an appeal in the United States District Court for the Virgin Islands, which was dismissed for failure to timely prosecute. (Id. at 13.)

Petitioner returned to his job at the Virgin Islands Police Department, but his wages and benefits were not retroactively restored. See Brow v. Farrelly (Brow I), 994 F.2d 1027, 1030 (3d Cir. 1993). To enforce the Dec. 22 Order, in 1992, Petitioner filed a petition for writ of mandamus in the Unites States District Court for the Virgin Islands. See id. He also filed a petition for a temporary restraining order against the Governor of the Virgin Islands, the Commissioner of the Virgin Islands Police Department, the Department itself, and the Commissioner of Finance. See id. On June 19, 1992, the district court dismissed both petitions for lack of subject matter jurisdiction. See id. On appeal, the Third Circuit affirmed the dismissal but disagreed with the district court's rationale, clarifying that the court lacked jurisdiction because the petition for writ of mandamus was really an attempt to enforce the Dec. 22 Order, which, under Virgin Islands law, could only be done in the Territorial Court. Id. at 1036.

Separately, in July 2001, the United States filed suit against Petitioner for his failure to repay certain student loans. See Compl., United States v. Brow (Brow II), No. 01-CV-4797 (NGG) (JMA) (E.D.N.Y. July 18, 2001), Dkt. 1. The court granted partial summary judgment to the United States on July 13, 2011. Mem. & Order, id., Dkt. 26. Petitioner subsequently filed a writ of mandamus in that action on August 23, 2011. Pet., id., Dkt. 28. In essence, this petition sought to reduce his debt to the United States government by the amount he claims the Virgin Islands government owed him under the Dec. 22 Order. On November 17, 2011, the court referred the motion to Magistrate Judge Joan M. Azrack for a report and recommendation

("R&R"). Order, id., Dkt. 37. Judge Azrack issued her R&R on December 28, 2011, recommending that the petition be dismissed for lack of subject matter jurisdiction just as in Brow I. R&R, id., Dkt. 38. On March 20, 2012, the court overruled Brow's objections and adopted the R&R in its entirety. Mem. & Order, id., Dkt. 42.

Meanwhile, on September 8, 2011, Petitioner commenced this suit, Brow III, by filing yet another petition for writ of mandamus taken nearly verbatim from that filed in Brow II. (See Pet.) On February 9, 2012, Respondent answered this Petition (Answer (Dkt. 8)), and on March 28, 2012, moved to dismiss for lack of subject matter jurisdiction, or, in the alternative, for judgment on the pleadings (Mot. to Dismiss (Dkt. 15)). To date, Petitioner has not opposed this motion.

## II.  DISCUSSION

The court is "duty bound to ascertain that it ha[s] jurisdiction" before it may adjudicate the merits of a claim. Gutierrez v. Fox, 141 F.3d 425, 426, 428 (2d Cir. 1998). Accordingly, it may dismiss an action for lack of subject matter jurisdiction on motion or sua sponte. See JP Morgan Chase Bank, Nat. Ass'n v. Nell, No. 10-CV-1656 (RMM), 2012 WL 1030904, at *5 (E.D.N.Y. Mar. 27, 2012); cf. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As Petitioner has twice been informed, only the Territorial Court of the Virgin Islands has jurisdiction to enforce an order previously issued by that court. See Brow I, 994 F.2d at 1037; R&R, Brow II, at 5-6; see also 4 V.I. Code § 77(a) ("Unless transferred by a judge of a district court, all civil cases originally filed in the [Territorial] Court shall be tried and concluded in that court."). "[T]he party recovering the judgment brings an enforcement action in the court whose order the party seeks to enforce." Brow I, 994 F.2d at 1037.

Here, although he styles his Petition as one for a writ of mandamus, Petitioner again asks this court to enforce the Dec. 22 Order. He contends that Respondent "refus[es] to disburse petitioner's pay property benefits and pension in accordance with the law [sic]," and must "produce the ongoing monies pay property and benefits owing petitioner through that legal and unappealable judgment [sic]" of the United States District Court.[2] (Pet. ¶¶ 3, 6; see also id. ¶ 24 ("[T]he respondents have a clear peremptory duty to disburse petitioner property and funds according to law [sic].").) According to Petitioner, this amount allegedly owed to him should "satisfy all debts . . . affecting the transference and\ or occurrences [sic] of financial transactions between the Government of the United [States] and petitioner." (Id. ¶ 5; see also id. ¶ 14 ("Petitioner is insolvent to any funds owed the Government of the United States and seeks a Writ of Mandamus to prioritize and produce all funds unlawfully being held by the respondent[] . . . .").)

But just as the Third Circuit held in Brow I and this court held in Brow II, federal district courts do not have the power to enforce the Dec. 22 Order against Respondent—only the Territorial Court does. Petitioner asks this court to "prioritize and produce all funds unlawfully held by the respondent[]" for the purpose of satisfying the debt he owes to the United States government. (See id. ¶ 14.) In effect, Petitioner asks the court to direct the Virgin Islands to produce the money it allegedly owes under the Dec. 22 Order and then allow Petitioner to use this money to satisfy the debt owed to the United States government. But this first step requires enforcement of the Dec. 22 Order against the Virgin Islands—precisely the same action that the courts in Brow I and Brow II correctly ruled they did not have power to effectuate. No matter the procedural context, each of Petitioner's suits has sought to enforce the Dec. 22 Order in a

---

[2] It is unclear whether the "judgment" to which Petitioner refers is the Dec. 22 Order or the District Court's refusal to hear Respondent's appeal of the Dec. 22 Order for failure to prosecute. Regardless, neither is a judgment of the District Court.

4

court with no power to do so. Petitioner must therefore seek redress in the Territorial Court.[3]

## III. CONCLUSION

The Petition is DISMISSED without prejudice for lack of subject matter jurisdiction.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
November 27, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[3] The court has discretion to transfer the Petition to the Territorial Court. See 4 V.I. Code §§ 32(b), 79(b). However, the court declines to do so because, as noted in Brow I, Petitioner is unlikely to prevail on the merits in Territorial Court because "money judgment[s] against [the] Virgin Islands government cannot be enforced by writ of execution or writ of mandamus." 994 F.2d at 1037 n.10 (quoting Lindway v. Gov't of V.I., 19 V.I. 193, 194 (D.V.I. 1982)).